# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| F-Squared Investment Management, LLC, | ) | Case No. 15-_____ (_____) |
| Debtor. | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| In re: | ) | Chapter 11 |
| F-Squared Investments, Inc., | ) | Case No. 15-_____ (_____) |
| Debtor. | ) | |
| Tax I.D. No. 26-2980788 | ) | |
| In re: | ) | Chapter 11 |
| F-Squared Retirement Solutions, LLC, | ) | Case No. 15-_____ (_____) |
| Debtor. | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| In re: | ) | Chapter 11 |
| F-Squared Alternative Investments, LLC, | ) | Case No. 15-_____ (_____) |
| Debtor. | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| In re: | ) | Chapter 11 |
| F-Squared Solutions, LLC, | ) | Case No. 15-_____ (_____) |
| Debtor. | ) | |
| Tax I.D. No. 30-0639247 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| F-Squared Institutional Advisors, LLC, | ) ) ) | Case No. 15-_____ (_____) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 30-0639247 | ) | |
| In re: | ) ) | Chapter 11 |
| F-Squared Capital, LLC, | ) ) ) | Case No. 15-_____ (_____) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-2175257 | ) ) | |
| In re: | ) ) | Chapter 11 |
| AlphaSector LLS GP 1, LLC, | ) ) ) | Case No. 15-_____ (_____) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 45-3753342 | ) ) | |
| In re: | ) ) | Chapter 11 |
| Active Index Solutions, LLC, | ) ) ) | Case No. 15-_____ (_____) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 26-2980788 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors and debtors in possession in the above-captioned cases (the "**Debtors**") hereby file this motion (the "**Motion**") for entry of an order directing joint administration of their chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of David N. Phelps in Support of the Chapter 11*

2

*Petitions and First Day Motions*, filed with the Court concurrently herewith (the "**Phelps Declaration**"). In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Phelps Declaration and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order directing procedural consolidation and joint administration of the Chapter 11 Cases.

5. In addition, the Debtors request that the caption of their Chapter 11 Cases in all pleadings and notices filed in the jointly administered cases be as follows:

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investment Management, LLC, *et al.*, | ) | Case No. 15-_____ (_____) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

6. The Debtors also propose to include the following footnote in each pleading filed and notice mailed by the Debtors, listing the Debtors in the Chapter 11 Cases and the last four digits of their tax identification numbers along with the Debtors' address:

> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), F-Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Wellesley Office Park, 80 William Street, Suite 400, Wellesley, Massachusetts 02481.

7. The Debtors also request that the Court make separate docket entries in each of the Chapter 11 Cases (other than that of F-Squared Investment Management, LLC), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of F-Squared Investment Management, LLC (Case No. 15-_____ (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-_____ (___) should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

8. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same

4

court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" (as such term is defined in Section 101(2) of the Bankruptcy Code) because F-Squared Investment Management, LLC directly or indirectly owns one-hundred percent (100%) of the equity interests in the other Debtors.  11 U.S.C. § 101(2).  Therefore, this Court is authorized to consolidate the Chapter 11 Cases for procedural purposes.

9.     Moreover, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") provides additional authority for the Court to order the joint administration of the Chapter 11 Cases and provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

10.     Consistent with Local Rule 1015-1, the Phelps Declaration establishes that joint administration of the Chapter 11 Cases is warranted because such joint administration will ease the administrative burden for the Court and the parties.  Joint administration of the Chapter 11 Cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents.  Further, joint administration will

5

protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Chapter 11 Cases. Therefore, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. The relief requested will not only preserve individual creditors' rights, but also provide those creditors the benefit of cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

12. Accordingly, for the reasons set forth above, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interest of their respective estates and creditors, and should be granted in all respects.

## **NOTICE**

13. Notice of the Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty (30) largest unsecured creditors, as identified in their Chapter 11 petitions; (c) counsel to Broadmeadow Capital, LLC, the proposed stalking horse purchaser; and (d) all parties entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, the Debtors will serve copies of the Motion and any order entered in respect of the Motion as required by Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE,** the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Date: July 8, 2015
     Wilmington, Delaware            **RICHARDS, LAYTON & FINGER, P.A.**

                                              */s/ Russell C. Silberglied*
                                            Russell C. Silberglied (No. 3462)
                                            Michael J. Merchant (No. 3854)
                                            Zachary I. Shapiro (No. 5103)
                                            Amanda R. Steele (No. 5530)
                                            920 N. King Street
                                            Wilmington, Delaware 19801
                                            Telephone: 302-651-7700
                                            Facsimile: 302-651-7701
                                            Email: silberglied@rlf.com
                                                                      merchant@rlf.com
                                                                      shapiro@rlf.com
                                                                      steele@rlf.com

                                            *Proposed Counsel for Debtors and Debtors in Possession*

# Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investment Management, LLC, | ) | Case No. 15-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investments, Inc., | ) | Case No. 15-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-2980788 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Retirement Solutions, LLC, | ) | Case No. 15-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Alternative Investments, LLC, | ) | Case No. 15-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Solutions, LLC, | ) | Case No. 15-_____ (\_\_\_\_\_) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0639247 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Institutional Advisors, LLC, | ) | Case No. 15-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0639247 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Capital, LLC, | ) | Case No. 15-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-2175257 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AlphaSector LLS GP 1, LLC, | ) | Case No. 15-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-3753342 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Active Index Solutions, LLC, | ) | Case No. 15-_____ (_____) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-2980788 | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the Debtors[2] for entry of an order directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and granting

---

[1] Capitalized terms used but not defined in this Order have the meanings given to them in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), F-Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Wellesley Office Park, 80 William Street, Suite 400, Wellesley, Massachusetts 02481.

2

related relief, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances; and the Court having reviewed the Motion and the Phelps Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 15-_____ (_____)

3. Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F-Squared Investment Management, LLC, *et al.*,[3] | ) | Case No. 15-_____ (_____) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), F-Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Wellesley Office Park, 80 William Street, Suite 400, Wellesley, Massachusetts 02481.

3

5. All pleadings and notices shall be captioned as indicated in the preceding paragraph, and all original docket entries shall be made in the case of F-Squared Investment Management, LLC, Case No. 15-_____ (_____).

6. A docket entry shall be made in each of the Chapter 11 Cases (except F-Squared Investment Management, LLC) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of F-Squared Investment Management, LLC (Case No. 15-_____ (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 15-_____ (___) should be consulted for all matters affecting this case.

7. The Debtors are authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this order.

Dated: _____, 2015
       Wilmington, Delaware

                                                                                                             _____
                                                                                                       UNITED STATES BANKRUPTCY JUDGE